IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **DENNIS RAY RIGSBY, JR,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )   No. CIV-21-760-R |
| | ) |
| **GREAT STATE OF ARKANSAS,** | ) |
| **PARKER, Boone County Public Defender,** | ) |
| **And GREAT STATE OF OKLAHOMA,** | ) |
| | ) |
| **Defendants.** | ) |

## ORDER

Plaintiff, a state pretrial detainee appearing *pro se*, filed this action pursuant to 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) the matter was referred to United States Magistrate Judge Gary M. Purcell for preliminary review. On August 4, 2021, Judge Purcell issued a Report and Recommendation wherein he recommended the Complaint be dismissed without prejudice. (Doc. No. 6). The matter is currently before the Court on Plaintiff's timely objection to the Report and Recommendation (Doc. No. 7), which gives rise to this Court's obligation to undertake a *de novo* review of those portions of the Report and Recommendation to which Plaintiff makes specific objection. Having completed this review, the Court finds as follows.[1]

Plaintiff names three Defendants in this action, two of which are states. As noted in the Report and Recommendation, neither the State of Arkansas nor the State of Oklahoma

---

[1] In light of Plaintiff's *pro se* status the Court liberally construes his filings. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

is properly named as a Defendant by virtue of the Eleventh Amendment nor is either a "person" for purposes of § 1983 liability. Accordingly, Plaintiff's claims against these Defendants are subject to dismissal.

With regard to Defendant Boone, who apparently served as a public defender assigned to Mr. Rigsby in a case in Arkansas, Judge Purcell recommends dismissal because the allegations are not sufficient to establish that Mr. Boone acted under color of state law, a requirement for holding a person liable under § 1983.

Plaintiff's objection does not address the issues identified by the Report and Recommendation. Rather, Plaintiff presents irrelevant arguments. Thus, there is no basis for rejection of the Report and Recommendation, which is therefore ADOPTED.[2]

Within his Objection Plaintiff requests that the Court appoint him counsel. His request is hereby DENIED. There is no constitutional right to appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). In deciding whether to appoint counsel, the Court evaluates the merits of the prisoner's claims, the nature and complexity of the factual and legal issues, and his ability to investigate the facts and present his claims. *Rucks v. Boergermann*, 57 F.3d 978, 979 10th Cir. 1995). Plaintiff's claims are subject to dismissal and therefore the appointment of counsel is unnecessary.

---

[2] Plaintiff also filed a "Motion to Present Truths in Above Case Number" (Doc. No. 10). The motion is hereby DENIED, as the motion does not address the fundamental shortcomings identified by Judge Purcell in the Report and Recommendation.

For the reasons set forth herein the Report and Recommendation is ADOPTED and the Complaint is DISMISSED without PREJUDICE.

**IT IS SO ORDERED** this 28th day of September 2021.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE